VIRGINIA COAL & IRON CO. (BRANT v.). See Case No. 1,814.

VIRGINIA FIRE & MARINE INS. CO. (COHN v.). See Case No. 2,970.

VIRGINIA FIRE & MARINE INS. CO. (DOOLEY v.). See Cases Nos. 3,998 and 3,999.

VIRGINIA FIRE & MARINE INS. CO. (LEVY v.). See Case No. 8,304.

VIRGINIA GOLD CASES. See Case No. 16,335.

VIRGINIA PROTECTION INS. CO. (KELLY v.). See Case No. 7,677.

---

## Case No. 16,974.

### The VIRGINIA RULON.

[13 Blatchf. 519.] 1

Circuit Court, E. D. New York. Aug. 16, 1876.

WHARFAGE—LIEN—ADMIRALTY JURISDICTION.

1. Under the statute of New York (Act May 21, 1875; Laws N. Y. 1875, p. 482) fixing the rates of wharfage to be paid by vessels, a vessel which makes fast to two distinct landing places must pay accordingly.
   [Distinguished in The City of Hartford, Case No. 2,751.]
   [Cited in Walsh v. New York F. D. Dock Co., 77 N. Y. 454.]

2. If she leaves a wharf without paying the wharfage due, she becomes liable. under said statute, to pay double the rates established by the statute.

3. The added amount is not a penalty. but is a wharfage rate, and the statute gives a lien on the vessel for the entire sum, including the added amount.
   [Cited in The J. F. Warner, 22 Fed. 345.]

4. Such lien is enforceable in admiralty against the vessel.
   [Cited in The J. H. Starin. Case No. 7,320.]

[Appeal from the district court of the United States for the Eastern district of New York.]

In admiralty.

Beebe, Wilcox & Hobbs, for libelants.
D. & T. McMahon, for claimant.

---

1 [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]

HUNT, Circuit Justice. On the 9th of October, 1875, the schooner Virginia Rulon made fast to and used the pier at 35th street, on the North river, New York, and continued to be made fast to the said pier until the 15th of October, when she left. The said vessel was, at the same time, and for the same time, made fast to the bulkhead adjoining to said pier, belonging to L. R. Roberts. She was loaded with lumber, and, in discharging her cargo, she made use both of said pier and said bulkhead, landing a part thereof over her bow on the bulkhead and the larger part over her side on the pier. She left said pier without paying, or tendering the payment of, wharfage. There was due for such wharfage, before she left the pier, the sum of $26.40.

The statute of New York (Act May 21, 1875; Laws 1875, p. 482) fixed the rate to be paid by a vessel "that uses or makes fast to any pier. wharf or bulkhead." This supposes that a vessel uses but one only of these conveniences for discharging her cargo. If she finds it for her interest to use more than one, she may do so, and must pay accordingly. A large vessel may find it much to her interest to use at the same time several piers or bulkheads. Indeed, her great size may compel her to cover the space of and use several at the same time.

In this case, the Rulon not only made fast to two distinct landing places, but actually made use of both for unloading her cargo, discharging a part upon the pier and another part upon the bulkhead. If the labor usually done in ten days is compressed into five days, there seems nothing unreasonable in the suggestion, that a compensation for ten days' service should be paid. The same is true of the use of two wharves for five days instead of the use of one wharf for ten days. The claim of the owner both of the pier and of the bulkhead seems to be reasonable, and in accordance with the statute. I think the vessel is liable to both.

The statute further provides, that "every vessel that shall leave a wharf," &c.. "without first paying the wharfage or dockage due thereon. after being demanded," "shall be liable to pay double the rates established by this act." In this case the wharfage was demanded by the authorized agent of the libellants, and was not paid. Neither was it tendered to either of the parties claiming it. The "vessel" thereupon became and is "liable to pay double the rates established by this act." Instead of being $26.40, the wharfage rate thereupon became and was $52.80.

It is objected that there is no lien for the wharfage, which can be enforced in this court. and, especially, that there is no lien for the increased amount. By the statute already quoted. the "vessel" is specifically made liable for double the amount of the wharfage. In other words, this increased amount is made a lien or incumbrance upon the vessel. The declaration, that the vessel shall be liable for the amount. is an imposition of a lien for that purpose. The use of the word "lien" is not essential to the creation of a lien. When this vessel departed

without paying the amount of $26.40 then due, there became payable the sum of $52.80, not as a penalty, but as wharfage rates. The "vessel" became liable to pay this sum, and it became a lien for wharfage under the statute. The case of The Lottawanna, 21 Wall. [88 U. S.] 558, holds that liens of this character may be enforced in the courts of admiralty of the United States. I think the judgment is right, and should be affirmed.